SITTIG *v.* UNITED STATES (No. 1038).[1]

CAST HOLLOW WARE, GLAZED.
 Legislation, and the judicial interpretation of this, establishes the intent of Congress to preserve in the tariff act of 1909 the distinction long maintained between glazed cast-iron goods and other glazed iron wares, and to subject glazed iron hollow ware and glazed cast-iron hollow ware to different rates of duty. The goods here are cast hollow ware glazed, and they are dutiable under paragraph 149, tariff act of 1909.

United States Court of Customs Appeals, May 26, 1913.

APPEAL from Board of United States General Appraisers, Abstract 29796 (T. D. 32830).

[Reversed.]

*Comstock & Washburn* for appellant.
*William L. Wemple,* Assistant Attorney General (*Martin T. Baldwin,* special attorney, on the brief), for the United States.

 Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Cast iron bowls and cylindrical cast-iron kettles, with flange and rim, imported at the port of Philadelphia, were classified by the collector of customs as hollow ware of iron and assessed for duty at 40 per cent ad valorem under the provisions of paragraph 158 of the tariff act of 1909, which said paragraph reads as follows:

158. Table, kitchen, and hospital utensils, or other similar hollow ware, of iron or steel, enameled or glazed with vitreous glasses, but not ornamented or decorated with lithographic or other printing, forty per centum ad valorem.

The importers protested that the goods were not hollow ware of iron within the meaning of paragraph 158, but cast hollow ware dutiable at 1½ cents per pound under the provisions of paragraph 149 of said act, which said paragraph reads as follows:

149. Cast hollow ware, coated, glazed, or tinned, one and one-half cents per pound.

The Board of General Appraisers overruled the protest and the importers appealed.

The uncontradicted evidence in the case shows that the goods are cast-iron kettles and bowls enameled on the inside and that the articles are sold to manufacturers of chemicals. The goods were returned by the appraiser as hollow ware of iron, enameled. The Government contends that the goods are hollow ware of iron, enameled and glazed, and that as they are similar to table, kitchen, and hospital utensils they are dutiable under the provisions of paragraph 158. Whether that contention is sound or unsound depends on whether the provision for kitchen and similar hollow ware of iron, which appears for the first time in paragraph 158 of the tariff act of 1909, can be regarded as a specific designation of similar utensils

---

[1] Reported in T. D. 33491 (24 Treas. Dec., 899).

made of cast iron, and that in its turn depends on whether the new legislation has changed the meaning accorded to cast hollow ware in previous acts to such an extent that paragraphs 149 and 158 can not be read together and given effect without removing cast-iron kitchen and like utensils from the category of "cast hollow ware." If the provision in paragraph 158 for "kitchen and hospital utensils and similar hollow ware of iron" necessarily includes kitchen and hospital utensils and similar wares of *cast* iron or becomes inoperative unless construed to cover such articles, then the Government's position is well taken, and the decision of the board should be affirmed. On the other hand, if in the tariff legislation which preceded the tariff act of 1909 kitchen utensils and similar articles of cast iron have been classified as cast hollow ware, and like articles made of iron other than cast iron have been given a separate enumeration and a different classification, then, in the absence of a contrary intention disclosed by the act or apparent from the language of the competing provisions, that distinction should be continued in the present act, and the decision of the board should be reversed.

In the tariff act of 1883, as in prior acts, hollow ware was listed with cast-iron goods, and on account of that association the designation "hollow ware" received from the department and from the courts a construction which confined it to kitchen and similar utensils made of cast iron—*In re* Hermann Aich (T. D. 10414); Strausky *v.* Erhardt (52 Fed., 808)—a construction, by the way, which seems to have conformed to the popular understanding of hollow ware when that expression was used without qualification. (Standard Dictionary.) In Strausky *v.* Erhardt, *supra,* the Circuit Court for the Southern District of New York held in effect that Congress had given a special meaning to the term "hollow ware" and that "hollow ware," as used in paragraph 201 of the tariff act of 1883, meant kitchen utensils and similar vessels of cast iron.

In the tariff act of 1890, paragraph 201 of the tariff act of 1883 was amended by paragraph 163 so as to read:

Cast hollow ware, coated, glazed, or tinned, three cents per pound.

From the fact that prior to the passage of this paragraph importers persisted in claiming that kitchen and similar utensils of steel should be classified as hollow ware and not as manufactures in part of metal, it is fairly apparent that the word "cast" was added to the provision by Congress in order to meet the contention of the importers and to exclude from the paragraph utensils of all kinds which were not made of cast iron. Without change other than the rate of duty paragraph 163 of the tariff act of 1890 was reenacted as paragraph 136 of the tariff act of 1894 and as paragraph 150 of the tariff act of 1897. So far as we can find there is nothing in either of the subsequent acts

which gave to "cast hollow ware" a signification which differed in any way from that given to it in the tariff act of 1890.

When the tariff act of 1909 was under consideration Congress knew that the department and the courts had put upon the designation "hollow ware," standing by itself, an interpretation which excluded kitchen and all like utensils not made of cast iron. It knew that its amendment of the hollow ware provision of the tariff act of 1883 had had the effect of expressly limiting paragraph 163 of the tariff act of 1890 to articles of cast iron, and that metal utensils, hollow in form but not of cast iron, had not been classified under that paragraph or those patterned after it. It knew that ever since 1883 kitchen and similar utensils of wrought iron and steel had been consistently returned for duty either as manufactures in part of metal or as articles or wares of iron or steel. (T. D. 12979, T. D. 13681, T. D. 11985, T. D. 21408, T. D. 21425.) Nevertheless, the cast hollow ware provision of the acts of 1890, 1894, and 1897 was reenacted as paragraph 149 of the present act with no change of language save that necessary to accomplish a reduction of duty. These antecedents of the legislation under discussion compel the conclusion that to paragraph 149 of the tariff act of 1909 must be given the meaning accorded to like provisions in the three previous acts, especially as that meaning conflicts in no way with paragraph 158, giving to the latter the construction which best conforms to the history of the legislation and the long-continued tariff policy of separately providing for glazed cast hollow ware and for glazed or enameled articles of iron or steel. (See pars. 163 and 171, tariff act of 1890; 136 and 144, tariff act of 1894; 150 and 159, tariff act of 1897.) Moreover, when it is considered that the cast hollow ware paragraph of the tariff act of 1897 was permitted to stand without substantial amendment and that paragraph 158 of the new law is no more than a substitute for the provision reserved in previous tariff acts for articles or wares of iron or steel, enameled or glazed, no other conclusion seems reasonable than that Congress intended to preserve in the tariff act of 1909 the distinction so long maintained between glazed cast-iron goods and other glazed iron wares, and to subject glazed iron hollow ware and glazed cast-iron hollow ware to different rates of duty.

The fact that it appears from the record that the goods in controversy are enameled does not exclude them from the provisions of paragraph 149. Enameling is a kind of glazing, and an article which is enameled must therefore be regarded as glazed. In our opinion the goods imported are cast hollow ware, glazed, and therefore dutiable under the provisions of paragraph 149.

The decision of the Board of General Appraisers is *reversed.*