UNITED STATES *v.* ELLIS SILVER CO. (No. 3140)[1]

United States Court of Customs Appeals, February 27, 1929

*Charles D. Lawrence,* Assistant Attorney General (*Peter A. Abeles,* special attorney, of counsel), for the United States.
*B. A. Levett* for appellee.

[Oral argument January 31, 1929, by Mr. Lawrence and Mr. Levett]

Before GRAHAM, Presiding Judge, and BLAND and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

Merchandise, consisting of flower and fruit bowls, bonbon dishes, candlesticks, chamber candlesticks, candelabras, vegetable dishes, and many other articles, each in chief value of base metal and plated with silver, was assessed for duty by the collector at the port of New York as articles or wares plated with silver at 60 per centum ad valorem under paragraph 399 of the Tariff Act of 1922.

The merchandise is claimed by the importer to be dutiable as table and household utensils, or as hollow ware, at 40 per centum ad valorem under paragraph 339.

Paragraphs 399 and 339 read as follows:

PAR. 399. Articles or wares not specially provided for, if composed wholly or in chief value of platinum, gold, or silver, and articles or wares plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 60 per centum ad valorem; if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 40 per centum ad valorem.

PAR. 339. Table, household, kitchen, and hospital utensils, and hollow or flat ware, not specially provided for; composed of iron or steel and enameled or glazed with vitreous glasses, 5 cents per pound and 30 per centum ad valorem; composed wholly or in chief value of aluminum, 11 cents per pound and 55 per centum ad valorem; composed wholly or in chief value of copper, brass, steel, or other base metal, not specially provided for, 40 per centum ad valorem; and in addition thereto, upon any of the foregoing articles containing electrical heating elements as constituent parts thereof, 10 per centum ad valorem.

It appears from the record that some of the merchandise is used as table, and other, as household articles. They are definitely, uniformly, and generally designated in the trade and commerce of the United States as "silver-plated hollow ware." It also appears that the term "hollow ware" includes articles composed of silver and gold; articles plated with silver or gold, and articles composed of base metal, unplated. Some of the witnesses said that the term "hollow ware" was a generic term and included articles of metal having a hollow interior; and that the term "hollow ware" was used to distinguish such articles from "flat ware."

The court below, in an opinion by Fischer, Chief Justice, held that the merchandise was dutiable as hollow ware, and sustained the protests as to all of the imported articles, except such as were "invoiced as 'S. S.,' or as 'Sterling,' or as 'Silver,' or which were returned by the appraiser as 'Glassware.'"

It was conceded by counsel for the Government on the trial below, and it is conceded here, that the involved articles are within the common meaning of the term "hollow ware." It is contended by counsel that, as the articles are bought and sold and designated in the trade as "silver-plated hollow ware," they are excluded from paragraph 339 by virtue of commercial designation. In this connection it may be said that counsel who prepared the brief for the Government seems to be of the impression that the merchandise would have to be designated in the trade as "hollow ware in chief value of base metal," in order to be covered by the provisions of paragraph 339. It was further argued that the provision in paragraph 399, for "articles or wares plated with * * * silver," is a more specific designation for the articles in question. This argument is based upon the proposition that the provisions in paragraph 339 for "hollow ware" are limited by the words "not specially provided for," while the provision in paragraph 399 for articles or wares plated with silver is not so limited.

Counsel for appellee claims that commonly and commercially the term "hollow ware" includes the imported articles; that the articles are table and household utensils; and that the provisions of paragraph 339 are more specific for the imported merchandise than the provision for silver-plated articles in paragraph 399.

If, as conceded by counsel for the Government, the articles in question are within the common meaning of the term "hollow ware"— that is, if the term "hollow ware" is a generic term and embraces the articles in question—the mere fact that the articles are not known in the trade and commerce of the United States by the precise tariff term—"hollow ware"—would not affect their classification. On the contrary, if the articles are not within the common meaning of the term, evidence that they were designated in the trade as "silver-plated hollow ware," would not be proof of commercial designation within the rule heretofore announced by this court. *United States* v. *Wilfred Schade & Co.*, 16 Ct. Cust. Appls. 366, T. D. 43092, and cases cited therein.

The term "hollow ware" is defined by the lexicographers as follows:

h.–ware, n. 1. Manufactured articles having a hollow interior; especially, cast-iron kitchen utensils, as pots and kettles.—Funk & Wagnalls New Standard Dictionary (1925).

Hollow-ware. Bowl- or tube-shaped ware of earthenware, wood, or metal: now especially the last.—The Oxford Dictionary (1901).

h. ware, china, silverware, etc., in the form of hollow vessels, as distinguished from flatware.—Webster's New International Dictionary (1925).

From the quoted dictionary definitions it appears that the term "hollow ware" covers articles and wares composed of china, silver, base metals, and other materials. However, in our opinion, the common meaning of the term does not include all articles having hollow interiors, but only such as are in the form of vessels.

The word "utensil" is defined as follows:

Utensil.  n.  Something that is used; a thing serving a useful purpose; formerly a thing of varied use; as, *utensils* of war or observation; now, more especially an implement or vessel for domestic or farming use; as, kitchen *utensils*.—Funk & Wagnalls New Standard Dictionary (1925).

The word "vessel" is defined as follows:

Vessel, n.  1.  A hollow receptacle of any form or material, but especially one capable of holding a liquid, as a pitcher, bottle, vase, kettle, or cup.—Funk & Wagnalls New Standard Dictionary (1925).

From the quoted definitions of the terms "hollow ware," "utensil," and "vessel," and from the language of the provisions of paragraphs 327 and 339, we are of opinion that the Congress had no intention of including in paragraph 339 articles designed and chiefly used for ornamental purposes. On the contrary, we think that it was the purpose to include only such articles as are chiefly used for utilitarian purposes, such as might be denominated utensils, whether of hollow or flat ware. This view is fortified somewhat by the history of the legislation.

Prior to the enactment of the Tariff Act of 1909, the term "hollow ware," because of its trade meaning and the provisions of the various acts providing for it, was limited to "cast-iron kitchen utensils." *Sears, Roebuck & Co.* v. *United States* 2 Ct. Cust. Appls. 451, T. D. 32203; *Sittig* v. *United States*, 4 Ct. Cust. Appls. 281, T. D. 33491.

The act of 1909, however, in addition to paragraph 149, which provided for "cast hollow ware, coated, glazed, or tinned, one and one-half cents per pound," contained provisions (paragraph 158) for "Table, kitchen, and hospital utensils, or other similar hollow ware, of iron or steel, enameled or glazed with vitreous glasses, but not ornamented or decorated with lithographic or other printing, forty per centum ad valorem."

Obviously, the provisions for table, kitchen, and hospital utensils, *or other similar hollow ware,* considerably extended the scope and meaning of the term "hollow ware." Whereas, it formerly was limited to *cast-iron kitchen utensils*, the term, by virtue of paragraph 158 of that act, was extended to cover hollow ware of a kind and character similar to table, kitchen, and hospital utensils, when composed of iron or steel (not cast iron), and when enameled or glazed with vitreous glasses, but not decorated with lithographic or other printing.

Paragraph 134 of the Tariff Act of 1913 further extended the scope of the term "hollow ware" to include articles of aluminum and omitted the qualifying clause "not ornamented with lithographic or other printing."

PAR. 134. Table, kitchen, and hospital utensils or other similar hollow ware composed of iron or steel, enameled or glazed with vitreous glasses; table, kitchen, and hospital utensils or other similar hollow ware composed wholly or in chief value of aluminum; all the foregoing not specially provided for in this section, 25 per centum ad valorem.

When the Congress enacted paragraph 339 of the Tariff Act of 1922, it included, along with ,table, kitchen, and hospital utensils, those of the household. It added "flat" ware and omitted the word "similar"; and, in addition to utensils and hollow and flat ware composed of iron or steel, enameled or glazed with vitreous glasses, and those of aluminum, it added a provision for all such utensils and hollow and flat wares as were composed wholly or in chief value of "copper, brass, steel, or other base metal, not specially provided for." Furthermore, in construing the paragraph, some consideration should be given to the provision for additional duty for all such utensils and hollow and flat ware containing electrical heating elements as constituent parts.

The provisions of paragraph 339 are far more comprehensive than those of prior tariff acts. Nevertheless, there is no indication that the Congress intended to extend the scope of the paragraph to include articles other than those having the essential character of utensils. Accordingly, we hold that only such articles as are designed and chiefly used for utilitarian purposes—utensils—are within the provisions for table, household, kitchen, and hospital utensils; and that only such articles as are in the form, generally, of vessels, and are of the character of utensils, designed and used chiefly for utilitarian purposes, are included within the provisions for hollow ware.

Many of the involved articles are obviously within the provisions for hollow ware. Those denominated in the record as candlesticks, chamber candlesticks, candelabras, storm candlesticks, photo frames, and vases, due to the fact that they are evidently designed for ornamental purposes, and as there is no evidence of their chief use, must be held to be excluded from the paragraph. The record and the exhibits are in such a state that we are unable to say with any degree of certainty that other of the involved articles should be excluded from the paragraph.

We come now to consider whether "utensils" and "hollow ware" otherwise provided for in paragraph 339 are, due to the fact that they are plated with silver, excluded therefrom.

Whether or not the Congress provided for any table, household, kitchen, or hospital utensils in any other paragraph of the metal

schedule need not be determined here; but a special kind of hollow ware—cast hollow ware—is provided for in paragraph 327. Obviously, then, there was necessity for the insertion of the words "not specially provided for" in paragraph 339.

Such of the articles as come within the definitions and pronouncements hereinbefore stated are either table or household hollow ware and utensils; they are composed in chief value of base metal; they are, therefore, precisely described in paragraph 339.

The provision in paragraph 399 for "articles and wares plated * * * with silver," covers all articles and wares of every kind and description, whether partly or wholly manufactured, and is limited only to such articles as are metals or manufactures thereof. We think that the provision in paragraph 339 for hollow ware in chief value of base metal is a more specific designation for such ware, plated with silver, than the provision in paragraph 399 for articles and wares plated with silver.

It is a matter of common knowledge that a large percentage of both hollow ware and flat ware for household and table use are silver plated. Congress was aware of these facts. Furthermore, at the very time that paragraph 339 was being considered by the Congress, paragraphs 345, 348, 350, 352, and 360 in the metal schedule were being considered, and in each of these paragraphs the Congress was very careful to provide for articles, when plated with gold, silver, or platinum, at a higher rate of duty, or, by appropriate and plain language, to exclude them entirely from its provisions.

Paragraph 345 provides for "Saddlery and harness hardware: Buckles, rings, snaps, bits, swivels, and all other articles of iron, steel, brass, composition, or other metal, *not plated with gold or silver*, * * * 35 per centum ad valorem; all articles of iron, steel, brass, composition, or other metal, *not plated with gold or silver*, commonly or commercially known as saddlery or riding bridle hardware, 50 per centum ad valorem; all the foregoing, *if plated with gold or silver*, 60 per centum ad valorem." (Italics ours.)

In paragraph 348 the Congress provided for "Snap fasteners and clasps, * * * *not plated with gold, silver, or platinum*, * * * 55 per centum ad valorem." (Italics ours.)

In paragraph 350 the Congress provided for "Pins with solid heads, without ornamentation, including hair, safety, hat, bonnet, and shawl pins; and brass, copper, iron, steel, or other base metal pins, * * *; all the foregoing *not plated with gold or silver*, * * * 35 per centum ad valorem." (Italics ours.)

In paragraph 352 we find a provision for "* * * mechanical pencils made of base metal and not plated with gold, silver, or platinum, * * *."

Paragraph 360 provides for "Philosophical, scientific, and laboratory instruments, apparatus, utensils, appliances (including drawing,

surveying, and mathematical instruments), and parts thereof, composed wholly or in chief value of metal, *and not plated with gold, silver, or platinum*, finished or unfinished, not specially provided for, 40 per centum ad valorem." (Italics ours.)

Is it not a fair presumption that, if the Congress had intended to exclude silver-plated hollow ware from the provisions of paragraph 339, knowing as it did that the term "hollow ware" was a generic term and that many table and household hollow wares and utensils of metal were plated with silver, it would have used appropriate language in the paragraph for that purpose?

It would seem strange indeed that Congress should be sufficiently careful to expressly provide in paragraph 345 for "Saddlery and harness hardware, * * *" when "plated with gold or silver"; to exclude "Snap fasteners and clasps" from paragraph 348 when "plated with gold, silver, or platinum"; to exclude "Pins" of "brass * * * or other base metal" from paragraph 350, when "plated with gold or silver"; to exclude "mechanical pencils made of base metal" from paragraph 352, when "plated with gold, silver, or platinum"; and to exclude "Philosophical, scientific, and laboratory instruments, apparatus, *utensils*, appliances," from paragraph 360, when "plated with gold, silver, or platinum," and fail to expressly exclude from paragraph 339, common and ordinary household and table hollow and flat ware and other utensils, when plated with silver, if such was its intention. We think that such was not the intention. (Italics ours.)

Without intending to give expression to any opinion with regard to the omission of the word "similar" in paragraph 339, it may be said that the addition of the word "household" must have been intended to extend the operation of the paragraph. Surely, there is no more reason for limiting the scope of the paragraph to such hollow and flat wares as are similar to unplated kitchen utensils than there is to limit the provision for household, hospital, and table utensils to such as are of the character of kitchen utensils.

Having expressly excepted silver-plated articles from the operation of the provisions of paragraphs 345, 348, 350, 352, and 360, it must be presumed that the Congress realized that, without words of exclusion, such articles would be covered by the provisions of these paragraphs. Accordingly, it would seem to be clear that, having failed to expressly exclude silver-plated hollow ware and utensils from paragraph 339, the Congress intended that such articles should be included therein.

For the reasons stated the judgment is modified, being *reversed* in so far as it holds candlesticks, chamber candlesticks, candelabras, storm candlesticks, photo frames, and vases dutiable under paragraph 339, and in all other respects, *affirmed*. The cause is remanded for proceedings consistent with the views herein expressed.