I. W. RICE & CO. *v.* UNITED STATES (No. 3960)[1]

United States Court of Customs and Patent Appeals, June 17, 1936

*Siegel & Mandell* for appellant.

*Joseph R. Jackson,* Assistant Attorney General (*William Whynman,* special attorney, of counsel), for the United States.

[Oral argument April 10, 1936, by Mr. Siegel and Mr. Whynman]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court holding certain atomizers in chief value of base metal, used to spray the body with powder after the bath, dutiable as assessed by the collector at the port of New York at 45 per centum ad valorem as articles in chief value of base metal, not plated with platinum, gold, or silver, or colored with gold lacquer, under paragraph 397 of the Tariff Act of 1930, which reads:

PAR. 397. Articles or wares not specially provided for, if composed wholly or in chief value of platinum, gold, or silver, and articles or wares plated with plat-

[1] T. D. 48415.

inum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 65 per centum ad valorem; if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 45 per centum ad valorem.

The importer protested, claiming that the merchandise was properly dutiable either as household utensils, composed wholly or in chief value of base metal, not plated with platinum, gold, or silver, or as hollow ware, under paragraph 339 of that act, which reads:

PAR. 339. Table, household, kitchen, and hospital utensils, and hollow or flat ware, not specially provided for: Plated with platinum or gold, 65 per centum ad valorem; plated with silver, 50 per centum ad valorem; composed of iron or steel and enameled or glazed with vitreous glasses, 5 cents per pound and 30 per centum ad valorem; composed wholly or in chief value of aluminum, 8½ cents per pound and 40 per centum ad valorem; composed wholly or in chief value of copper, brass, steel, or other base metal, not plated with platinum, gold, or silver, and not specially provided for, 40 per centum ad valorem; the foregoing rates shall apply to the foregoing articles whether or not containing electrical heating elements as constituent parts thereof.

Although the court below was of opinion that the involved articles were chiefly used in the household for utilitarian purposes, it, nevertheless, concluded they were not household utensils, within the purview of paragraph 339, *supra*, in view of the fact that they were used by the individual members of the household in the making of the toilet, and that they were not hollow ware, within the provision therefor contained in that paragraph, because they were composed in part only of hollow ware.

It is contended by counsel for appellant, and their contention is sustained by the record, that the articles in question are not limited to the use of any one member of the household, but may be used by each and every member thereof; that in view of the definitions of the word "household," and the decisions of this court in the cases of *United States* v. *Ellis Silver Co.*, 16 Ct. Cust. Appls. 570, T. D. 43297; *United States* v. *Friedlaender Co.*, 21 C. C. P. A. (Customs) 103, T. D. 46445; and *Frank P. Dow Co., Inc.* v. *United States*, 21 C. C. P. A. (Customs) 282, T. D. 46816, the involved articles are household utensils or hollow ware, and dutiable as such under paragraph 339, *supra*.

We deem it unnecessary to review in detail the decisions construing paragraph 339 of the Tariff Act of 1922, the predecessor of paragraph 339, *supra*. It is sufficient to say that in those cases it was held that articles "designed and chiefly used for utilitarian purposes [in the household]—utensils—are within the provisions for * * * household * * * utensils," and that all such articles chiefly used in the household, unless more specifically provided for elsewhere, were dutiable under that paragraph.

Accordingly, the first issue before us for consideration is whether the involved articles are household utensils, within the common

meaning of that term. That they are utensils, is conceded by counsel for the parties. Counsel for the Government contend, however, that they are not household utensils, within the meaning of the statute, because they are designed to be, and are used as, toilet articles by the individual members of the household, and that the paragraph in question was undoubtedly intended to include only such household utensils as were designed for, and used in, the care, maintenance, and preservation of the home. That is to say, only such utensils as are used in ordinary household tasks were intended to be included within the provisions of paragraph 339, *supra.*

We are constrained to disagree with the views expressed by counsel for the Government, and by the court below.

The term "household," when used as an adjective, is defined in 30 C. J. § 2, p. 474, as "Domestic; pertaining or belonging to the house or family." See also "Words and Phrases," vol. 4, 1st ed., pp. 3361 to 3366, inclusive.

It is clear from the authorities hereinbefore referred to that the term "household" means family. Accordingly, the term "household utensils" must mean utensils used by the members of the household, either for their personal convenience and comfort, or for the care and maintenance of the household. We are of opinion, therefore, that the term "household utensils," as used in paragraph 339, *supra*, was intended to include not only utensils which are used in the maintenance and care of the home, but also those, not more specifically provided for, which are chiefly used in the household by the members thereof collectively for their convenience and comfort.

Had the Congress intended to limit the provisions in question to such articles as were designed to be and were chiefly used in the care and maintenance of the household, it would have been an easy matter for it to have made such intention clear.

The provision for "household utensils" must, in the absence of commercial designation, be construed in accordance with its common meaning.

We adhere to the views expressed in the case of *Frank P. Dow Co., Inc.* v. *United States, supra,* wherein we said that if the articles are utensils within the meaning of that term, as defined in the *Ellis Silver Co.* case, *supra,* and if they are chiefly used in the household, they are household utensils, and dutiable as such, unless otherwise more specifically provided for.

It is true, as stated by the trial court, that the Congress has recognized the existence of a class of articles generally known as "toilet articles", and has provided that, when presented as personal effects of persons arriving in the United States, they shall be free of duty under the provisions of paragraph 1798 of the Tariff Act of 1930. Nevertheless, there is no other free provision, nor is there any specific

dutiable provision, for "toilet articles", as a class, in the Tariff Act of 1930.

In view of the fact that the involved articles are not only utensils, but are chiefly used in the household, and as they are not otherwise more specifically provided for, we are of opinion that they are dutiable under paragraph 339, *supra*, as claimed by counsel for appellant.

For the reasons stated, the judgment is *reversed*, and the cause *remanded* for proceedings consistent with the views herein expressed.

*Joseph R. Jackson,* Assistant Attorney General (*William Whynman,* special attorney, of counsel), for the United States.