UNITED STATES *v.* F. WEBER CO., INC. (No. 4098)[1]

United States Court of Customs and Patent Appeals, October 25, 1937

*Joseph R. Jackson*, Assistant Attorney General (*Ralph Folks* and *William Whynman*, special attorneys, of counsel), for the United States.

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for appellee.

[1] T. D. 49266.

[Oral argument October 7, 1937, by Mr. Folks and Mr. J. Stuart Tompkins]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court (Second Division) involving the classification of certain paint boxes imported empty at the port of New York.

The boxes are accurately described in the brief of the Government as follows:

Exhibit 1 consists of a metal box, 8½ inches long by 3 inches wide, having two covers, an inner and an outer, which when unfolded, together with the box itself, constitutes a complete working unit for the use of water colors or paints. The outer cover contains three depressions, apparently for the holding of water. The inner cover, when folded back, ready for use, has ten depressions, each depression apparently being for the purpose of mixing one of the colors. The box itself is divided in the middle; on one side are ten small compartments or divisions for the holding of the water colors themselves, the other side apparently is for the holding of brushes and incidental equipment.

Exhibit 2 is of substantially the same character as Exhibit 1, excepting that the box itself differs slightly from Exhibit 1, in that it is divided into three parts; in the middle are 12 compartments for the storing of paint or water color material. One side of these pigment compartments has a movable edge, apparently attached to a spring, which facilitates the placing and removal of pigments or paints; on each side of these compartments is an empty space apparently for the storage of brushes and other incidental articles used in making water colors or paints.

To this description we would add the fact that Exhibit 1 has a thickness of ⅞ of one inch and Exhibit 2 has a thickness of ¾ of one inch, and the further fact that Exhibit 2 is 9¼ inches long by 2¾ inches wide.

The merchandise was classified by the collector under paragraph 397 of the Tariff Act of 1930 as manufactures of metal, not specially provided for, and assessed with duty at the rate of 45 per centum ad valorem.

Appellee protested, claiming the merchandise to be dutiable at 5 cents per pound and 30 per centum ad valorem under paragraph 339 of said act as hollow ware, composed of iron or steel and enameled or glazed with vitreous glasses. Two protests were filed and for the purpose of trial the cases were consolidated.

The paragraphs of said tariff act here involved, insofar as they are here pertinent, read as follows:

PAR. 339. Table, household, kitchen, and hospital utensils, and hollow or flat ware, not specially provided for: * * * composed of iron or steel and enameled or glazed with vitreous glasses, 5 cents per pound and 30 per centum ad valorem; * * *.

PAR. 397. Articles or wares not specially provided for, * * * if composed wholly or in chief value of iron, steel, * * * or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 45 per centum ad valorem.

Upon the trial before the Customs Court one witness testified in behalf of appellee. The Government introduced no evidence.

The Customs Court originally overruled appellee's protests and held that the involved merchandise was not embraced within the term "hollow ware" as used in paragraph 339. Judgment was entered accordingly.

Thereafter appellee moved for a rehearing upon the ground that said decision and judgment were not in accordance with a decision of this court involving the same issue.

This motion was granted and the case was again considered by the Customs Court. No new evidence was offered, and the case was submitted on the record previously made. Thereafter the court rendered a decision sustaining the protests and rendered judgment accordingly. From such judgment this appeal was taken by the Government.

Error is assigned upon two grounds: 1, that the Customs Court erred in granting the motion for rehearing; 2, that the court erred in holding that the merchandise involved consists of hollow ware within the meaning of that term as used in paragraph 339.

While it is true that the rehearing was applied for upon the ground that the first judgment entered herein was not in accordance with a decision of this court, and the second decision rendered by the Customs Court cites no case in this or any other court expressing views which are contrary to the views expressed in its first decision, and we have found no such case, nevertheless we are clear that there was no abuse of discretion in granting the rehearing.

Apparently the rules of the Customs Court were complied with in the motion for rehearing, and if the court was of the opinion that its decision which was the subject of the motion was erroneous, there was not only no abuse of discretion, but the action taken by the court was proper, even though there was in fact no error in its first decision.

This brings us to the merits of the case. The subject of the proper classification of hollow ware of various kinds has been before this court upon many occasions.

The case of *United States* v. *Ellis Silver Co.*, 16 Ct. Cust. Appls. 570, T. D. 43297, arose under the Tariff Act of 1922 and involved paragraph 339 of that act, the predecessor of paragraph 339 of the Tariff Act of 1930. These paragraphs are identical with respect to the provisions that are here material. The merchandise there involved consisted of flower and fruit bowls, candlesticks, candelabra, and many other articles. In the opinion in that case the tariff history of the term "hollow ware" is reviewed. With respect to the common meaning of the term "hollow ware" the opinion states:

The term "hollow ware" is defined by the lexicographers as follows:

h.-ware, n. 1. Manufactured articles having a hollow interior; especially, cast-iron kitchen utensils, as pots and kettles.—Funk & Wagnalls New Standard Dictionary (1925).

Hollow-ware. Bowl- or tube-shaped ware of earthenware, wood, or metal; now especially the last.—The Oxford Dictionary (1901).

h. ware, china, silverware, etc., in the form of hollow vessels, as distinguished from flatware.—Webster's New International Dictionary (1925).

From the quoted dictionary definitions it appears that the term "hollow ware" covers articles and wares composed of china, silver, base metals, and other materials. *However, in our opinion, the common meaning of the term does not include all articles having hollow interiors, but only such as are in the form of vessels.* [Italics supplied.]

The opinion further states:

The provisions of paragraph 339 are far more comprehensive than those of prior tariff acts. Nevertheless, there is no indication that the Congress intended to extend the scope of the paragraph to include articles other than those having the essential character of utensils. Accordingly, we hold that only such articles as are designed and chiefly used for utilitarian purposes—utensils—are within the provisions for table, household, kitchen, and hospital utensils; and that *only such articles as are in the form, generally, of vessels,* and are of the character of utensils, designed and used chiefly for utilitarian purposes, are included within the provisions for hollow ware. [Italics supplied.]

In accordance with the foregoing it was held that articles such as candlesticks, candelabra, photo frames, vases, etc., were not classifiable under paragraph 339 of the Tariff Act of 1922.

In the case of *Frank P. Dow Co., Inc.* v. *United States,* 21 C. C. P. A. (Customs) 282, T. D. 46816, we again considered the construction of paragraph 339 of the Tariff Act of 1922. Some of the articles involved in that case were electric vacuum cleaners. They were held dutiable by the Customs Court under said paragraph 339 as household utensils. We there held that the vacuum cleaners were household utensils classifiable under paragraph 339 and that the provisions for table, kitchen, and hospital utensils in paragraph 339 were not limited to articles having the character of hollow ware, although they were so limited under paragraph 134 of the tariff act of 1913.

The opinion discussed the case of *United States* v. *Ellis Silver Co.,* *supra,* and stated with respect thereto as follows:

In the case of *United States* v. *Ellis Silver Co.,* 16 Ct. Cust. Appls. 570, T. D. 43297, this court considered the dictionary definitions of the terms "hollow ware," "utensils," and "vessels," and the legislative history of the provisions of paragraph 339, *supra,* and held that the provisions for hollow or flat ware were intended to be limited to articles having the "character of utensils, designed and used chiefly for utilitarian purposes." The decision in that case was based upon the record there before us. Furthermore, our attention was not there called to the explanation of Senate Amendment No. 472, *supra,* contained in the conference report, now, for the first time, presented to us for consideration. The construction of paragraph 339, above referred to, was approved and followed in the case of *United States* v. *Friedlaender Co.,* 21 C. C. P. A. (Customs) 103, T. D. 46445.

It is made clear by the explanation of the Senate amendment contained in the conference report, that our holding in the *Ellis Silver Co.,* and *Friedlaender Co.,* cases, to the effect that it was the intention of the Congress to limit the provisions for hollow or flat ware to articles "designed and used chiefly for utilitarian purposes," was erroneous.

However, the opinion in the case of *Frank P. Dow Co., Inc.* v. *United States, supra,* in no way modified the holding in the case of *United States* v. *Ellis Silver Co., supra,* with respect to the common meaning of the term "hollow ware," and that to be classifiable as such under paragraph 339 of the Tariff Act of 1922 only such articles "as are in the form, generally, of vessels" may be considered to be hollow ware.

In *United States* v. *Ellis Silver Co., supra,* we quoted the definition of the word "vessel" found in Funk & Wagnalls Standard Dictionary (1925) as follows:

*Vessel,* n. 1. A hollow receptacle of any form or material, but especially one capable of holding a liquid, as a pitcher, bottle, vase, kettle, or cup.

We must therefore conclude that it has been settled by this court that only such articles as are in the form, generally, of vessels may be classified as hollow ware.

While the definition of the term "vessel" approved by this court is broad and may embrace a wide variety of articles, we cannot bring ourselves to the conclusion that a box 8½ inches long by 3 inches wide, and ⅞ of one inch thick, provided with outer and inner lids and a large number of compartments for holding paints and brushes, is embraced within the common meaning of the term "vessel"; and if it is not, such a box cannot, under the decision of this court in *United States* v. *Ellis Silver Co., supra,* be classified as hollow ware under the provisions of paragraph 339 of the Tariff Act of 1930.

It would require a wide stretch of the imagination to regard the involved articles as vessels, within the common meaning of that word, and we do not think that Congress ever contemplated that the term "hollow ware," as used in paragraph 339, should be construed so broadly as to embrace such articles as are here involved.

As hereinbefore stated, we think the Customs Court came to the right conclusion in its first decision, and for the reasons stated herein the judgment appealed from is *reversed.*