F. W. WOOLWORTH Co. *v.* UNITED STATES (No. 4160) [1]

United States Court of Customs and Patent Appeals, November 28, 1938

*Sharretts & Hillis* (*Arthur L. Tallman* of counsel) for appellant.
*Webster J. Oliver*, Assistant Attorney General (*Daniel G. McGrath*, special attorney, of counsel), for the United States.

[Oral argument October 7, 1938, by Mr. Tallman and Mr. Oliver]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

JACKSON, Judge, delivered the opinion of the court:

The imported merchandise herein consists of certain small, silver-finished metal animal figures of relatively heavy weight. Welded to the neck of each figure is a chain about thirteen inches in length. At the free end of the chain is a ring to which there is attached a short mechanical pencil. The merchandise was invoiced as "Bridge Table Novelties."

The pencils were assessed for duty at the rate of 45 cents per gross and 40 per centum ad valorem under the *eo nomine* provision therefor of paragraph 1550 (c) of the Tariff Act of 1930. The figures and chains were assessed for duty as ornamental figures of animals, made of

[1] C. A. D. 20

silver-plated antimony, at 65 per centum ad valorem under paragraph 397 of the said act which reads as follows:

PAR. 397. Articles or wares not specially provided for, if composed wholly or in chief value of platinum, gold, or silver, and articles or wares plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 65 per centum ad valorem; if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 45 per centum ad valorem.

The importer protested against the classification of the figures and chains, claiming them to be properly dutiable at either 40 per centum or 50 per centum ad valorem under paragraph 339 of the act which reads:

PAR. 339. Table, household, kitchen, and hospital utensils, and hollow or flat ware, not specially provided for: Plated with platinum or gold, 65 per centum ad valorem; plated with silver, 50 per centum ad valorem; composed of iron or steel or enameled or glazed with vitreous glasses, 5 cents per pound and 30 per centum ad valorem; composed wholly or in chief value of aluminum, 8½ cents per pound and 40 per centum ad valorem; composed wholly or in chief value of copper, brass, steel, or other base metal, not plated with platinum, gold, or silver, and not specially provided for, 40 per centum ad valorem; the foregoing rates shall apply to the foregoing articles whether or not containing electrical heating elements as constituent parts thereof.

At the trial the importer conceded that the articles are silver-plated, but claimed them to be dutiable as table or household utensils at 50 per centum ad valorem.

The judgment of the United States Customs Court, Second Division, overruled the claim of the importer and from said judgment this appeal was taken.

The evidence in the case consists of the testimony of five employees of appellant and four samples of the imported merchandise introduced by appellant.

Four of the said witnesses testified that they had seen the articles used in the keeping of scores at bridge games. One of them stated that she had seen them so used once at a card party in a yacht club in Bayonne, N. J., but at no other place. Three testified that they had observed them being used to keep score in the game of bridge at the home of friends, in and about New York City. One of the three had also seen them used in the house of a friend on a telephone table. The fifth witness merely identified the exhibits.

The trial court based its decision on the ground that the figures and chains were always used as an entirety with the pencils and that there was no evidence of any other use. The court further held that because appellant had conceded that the action of the collector in classifying the pencils was correct, it was an admission that the metal figures and attached chains "in and of themselves have no

useful purpose in the home or elsewhere and that they are therefore not utensils, let alone table or household utensils within the meaning of said paragraph 339 . * * *."

The question here for decision is not concerned with entireties. The situation is the same as though the animal figures and chains were imported without the attached pencils. If, in this condition, the record shows that they are things which have a use and are chiefly used in the household for convenience and comfort, they are household utensils. *I. W. Rice & Co.* v. *United States*, 24 C. C. P. A. (Customs) 114, T. D. 48415.

All the testimony is to the effect that the only purpose and use of the figures and chains are to hold or anchor an attached pencil, so that it will not roll off the surface of the table upon which it rests. The testimony is practically all to the effect that they are used in homes. An examination of the exhibits makes it apparent that they are especially designed and made for, and adapted to hold pencils. While they have nothing to do with the actual playing of bridge or any other card game, nevertheless, it is almost impossible to conceive of a lengthy score of any kind being kept without a pencil (or other writing instruments), and since pencils have the annoying tendency not to be where they are wanted, it surely is a comfort and convenience to have them anchored to weights such as the figures before us, which insure their presence. It is in the home where pencils chiefly are the objects of search and, we believe, from the very nature of the figures and chains that they are intended to hold pencils for home use. Three of the four exhibits hold the pencils by means of a slip-ring, while the fourth has a closed, light, wire ring. This indicates to us that the pencils, which form part of the exhibits, do not render the figures and chains useless should they become separated from the pencils. Another pencil may be easily attached.

While it is quite true that no witness said that the articles before us were not used as ornaments, we believe that the very makeup of them discloses that they cannot be seriously considered as such.

From a careful consideration of all the evidence, we are of opinion that appellant has sustained its burden of proof, and that the figures and chains are household utensils, and not ornaments. See *United States* v. *Ellis Silver Co.*, 16 Ct. Cust. Appls. 570, T. D. 43297; *I. W. Rice & Co.* v. *United States, supra; United States* v. *Friedlaender Co.*, 21 C. C. P. A. (Customs) 103, T. D. 46445.

The judgment of the United States Customs Court is *reversed* and the cause is *remanded* for further proceedings not inconsistent with the views herein expressed.