(C. D. 1044)

IMPORT-EXPORT SERVICE OF NEW JERSEY WESTINGHOUSE ELECTRIC & MANUFACTURING CO. (LAMP DIVISION) *v.* UNITED STATES

United States Customs Court, Second Division ·

(Decided February 7, 1947)

Strauss & Hedges; Barnes, Richardson & Colburn (Eugene F. Blauvelt of counsel) for the plaintiffs.

Paul P. Rao, Assistant Attorney General (Richard H. Welsh, special attorney), for the defendant.

Before TILSON, KINCHELOE, and LAWRENCE, Judges

LAWRENCE, Judge: Importations of metal boxes specially designed, constructed, and equipped for exclusive use in packing and shipping particular radio tubes, were classified by the collector of customs as dutiable at the rate of 45 per centum ad valorem under the provision in paragraph 397 of the Tariff Act of 1930 for "Articles or wares not specially provided for * * * if composed wholly or in chief value of iron, steel * * * or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured * * *."

Both protests allege that said articles are properly dutiable at only 22½ per centum ad valorem under said paragraph 397, that being the reduced rate imposed on "Containers, wholly or in chief value of tin plate," by virtue of the trade agreement between the United States and the United Kingdom, effective January 1, 1939, 74 Treas. Dec. 253, T. D. 49753. By amendment thereto, the protests make the further claim that the articles are properly dutiable at the rate of 40 per centum ad valorem under paragraph 339 of said act, and while the particular provision invoked is not specifically stated, nevertheless, the nature of the proof offered and the statements made by counsel for the plaintiffs both at the hearing and in their brief, indicate clearly that the provision intended is that covering hollow ware. As matter of fact, in the preliminary statement made at the hearing, counsel for plaintiffs said:

We claim that the articles are more specially provided for under the provisions of paragraph 339 of the same Tariff Act, at 40 per centum ad valorem as hollow ware, composed wholly or in chief value of copper, brass, or other base metal not plated with platinum, gold or silver. The classification itself that the articles are in chief value of iron or steel and are not plated, I do not contest; the *sole claim* being that the 339 provision for hollow ware is more specific than paragraph 397. [Italics supplied.]

The only witness who appeared herein was Harold Amatel, packing engineer in the employ of the Westinghouse Electric & Manufacturing Co., one of the plaintiffs herein. Through him, there was introduced in evidence herein, as exhibit 1, a sample box which is admittedly representative of the importation. This exhibit consists of a metal box approximately 20 inches high and about 10¼ inches square. It is composed of two parts, the upper portion being equipped with a handle by which the box may be carried from place to place. Inside the upper portion are four spiral springs, one permanently affixed to each corner and there held in place under tension by a cord forming approximately a square as it passes through the end of each spring. The upper and lower portions of the container are held together by two fasteners. The lower part of the exhibit contains a metal socket which is installed and held in place by three metal stands, the latter being riveted to the bottom of the box and attached to the sides of the metal socket. The socket is also affixed to the corners of the box by 12 spiral springs, 3 springs being permanently fastened to each corner. Inserted in the metal socket is a piece of cardboard tubing. A cotter pin extending through the socket locks the radio tube in place.

As to what constitutes "hollow ware" within the tariff sense was judicially enunciated in *United States* v. *Ellis Silver Co.*, 16 Ct. Cust. Appls. 570, T. D. 43297. The articles there under consideration consisted of flower and fruit bowls, bonbon dishes, candlesticks, chamber candlesticks, candelabras, vegetable dishes, and many other articles, each in chief value of base metal and plated with silver. They were assessed with duty at the rate of 60 per centum ad valorem under the provision in paragraph 399 of the Tariff Act of 1922 for "articles or wares plated with * * * silver," and were claimed to be properly dutiable at the rate of 40 per centum ad valorem under the provision in paragraph 339 of said act for "Table, household * * * utensils, and hollow * * * ware, not specially provided for." The court quoted the following definitions of the term "hollow ware":

h. ware, n. 1. Manufactured articles having a hollow interior; especially, cast-iron kitchen utensils, as pots and kettles.—Funk & Wagnalls New Standard Dictionary (1925).

Hollow-ware. Bowl—or tube-shaped ware of earthenware, wood, or metal: now especially the last.—The Oxford Dictionary (1901).

h. ware, china, silverware, etc., in the form of hollow vessels, as distinguished from flatware.—Webster's New International Dictionary (1925).

and then added—

From the quoted dictionary definitions it appears that the term "hollow ware" covers articles and wares composed of china, silver, base metals, and other materials. However, in our opinion, the common meaning of the term does not include all articles having hollow interiors, but only such as are in the form of vessels.

The court then quoted the following definition of the word "vessel":

Vessel, n. 1. A hollow receptacle of any form or material, but especially one capable of holding a liquid, as a pitcher, bottle, vase, kettle, or cup.—Funk & Wagnalls New Standard Dictionary (1925).

While the court stated that many of the articles there before it were "obviously within the provisions for hollow ware," nevertheless, it concluded that the *eo nomine* classification therefor was limited to hollow ware in the nature of utensils, that is, devoted to a utilitarian as distinguished from an ornamental purpose. Unless so dedicated, such ware was excluded from said provision.

But the latter conclusion was modified in *Frank P. Dow Co., Inc.* v. *United States*, 21 C. C. P. A. (Customs) 282, T. D. 46816, a case which also arose under the act of 1922. There, certain vacuum cleaners and floor polishers were classified under paragraph 339 of said act as household utensils and were claimed to be properly dutiable under paragraph 372 of said act as machines, not specially provided for. In the course of its opinion, the court pointed out that, for the first time, its attention and that of the trial court was called to Senate amendment 472, by which the word "similar" was eliminated from the corresponding paragraph in the Tariff Act of 1913, thereby showing a congressional intent to extend the scope of the hollow-ware provision in said paragraph 339 to make it include *all* hollow and flat ware, not specially provided for, whether or not similar to table, household, kitchen, and hospital utensils. The court said:

It is made clear by the explanation of the Senate amendment contained in the conference report, that our holding in the *Ellis Silver Co.*, and *Friedlaender Co.*, cases, to the effect that it was the intention of the Congress to limit the provisions for hollow or flat ware to articles "designed and used chiefly for utilitarian purposes," was erroneous.

The court therefore modified its prior ruling and held the term "hollow ware" was no longer limited to such ware as was in the nature of utensils, but included all hollow ware of the kind described in paragraph 339, *supra*, and not elsewhere specially provided for.

In its subsequent decision in *United States* v. *F. Weber Co., Inc.*, 25 C. C. P. A. (Customs) 159, T. D. 49266, the court had occasion to pass upon the tariff status of certain paint boxes which were classified under paragraph 397 of the Tariff Act of 1930 as articles or

wares, not specially provided for, composed wholly or in chief value of metal, and which were claimed to be properly dutiable under the provision in paragraph 339 of said act for hollow ware, composed of iron or steel and enameled or glazed with vitreous glasses. In its consideration as to whether or not the involved paint boxes responded to the definition of hollow ware as judicially enunciated in the *Ellis Silver Co.* case, *supra*, the court stressed the fact that—

\* \* \* the opinion in the case of *Frank P. Dow Co., Inc.* v. *United States, supra*, in no way modified the holding in the case of *United States* v. *Ellis Silver Co., supra*, with respect to the common meaning of the term "hollow ware," and that to be classifiable as such under paragraph 339 of the Tariff Act of 1922 only such articles "as are in the form, generally, of vessels" may be considered to be hollow ware.

Although the court discussed at some length its conclusion as to the effect of Senate amendment 472 in extending the scope of the hollow-ware provision, nevertheless, it specifically stressed the fact that its prior definition of what constituted hollow ware remained intact. It made this significant observation:

While the definition of the term "vessel" approved by this court is broad and may embrace a wide variety of articles, we cannot bring ourselves to the conclusion that a box 8½ inches long by 3 inches wide, and ⅞ of one inch thick, provided with outer and inner lids and a large number of compartments for holding paints and brushes, is embraced within the common meaning of the term "vessel"; and if it is not, such a box cannot, under the decision of this court in *United States* v. *Ellis Silver Co., supra*, be classified as hollow ware under the provisions of paragraph 339 of the Tariff Act of 1930.

adding—

It would require a wide stretch of the imagination to regard the involved articles as vessels, within the common meaning of that word, and we do not think that Congress ever contemplated that the term "hollow ware," as used in paragraph 339, should be construed so broadly as to embrace such articles as are here involved.

That this court has strictly applied the definition of hollow ware as judicially enunciated in the above-cited cases, is best illustrated by the very authorities cited in the brief of counsel for plaintiffs allegedly in support of their contention herein. Singularly, they preface their discussion of such cases with this allegation:

It is the plaintiffs' contention that Exhibit 1 is hollow ware within the meaning of Par. 339 and the decisions of the courts thereunder.

Let us, therefore, briefly examine the decisions cited. For instance, they point out that in *Newall Manufacturing Co.* v. *United States*, 69 Treas. Dec. 40, T. D. 48078, this court held aluminum cups used as containers for watch-part materials to be hollow ware. But this decision in no way supports the claim alleged by plaintiffs. On the contrary, it specifically followed the views of the appellate court expressed in the *Dow* case, *supra*.

Also in *W. X. Huber Co.* v. *United States*, 66 Treas. Dec. 759, T. D. 47416, and *W. X. Huber Co.* v. *United States*, 71 Treas. Dec. 789, T. D. 48973, relied upon by plaintiffs, we again followed the *Dow* case, *supra*, and held aluminum containers for medicinal cigarettes to be hollow ware, as that term was defined in the *Ellis Silver Co.* case, *supra*.

Inasmuch as the merchandise passed upon in the cases cited by plaintiffs and the articles now before us differ so radically in character and construction, we hold such cases to be inapplicable here. As a matter of fact, we know of no decision classifying as hollow ware, articles which are constructed and designed as are the imported boxes, the interiors of which are so equipped with springs and other permanent attachments and fittings as to preclude designating such interiors as hollow. Indeed, it would belie the fact to say that the articles have hollow interiors.

In the circumstances, and in the light of the facts here established and the law applicable thereto, we experience no hesitancy in holding that the imported articles are not hollow ware within the meaning of paragraph 339, Tariff Act of 1930, but are properly dutiable at the rate of 45 per centum ad valorem under paragraph 397 of said act as articles or wares, not specially provided for, composed wholly or in chief value of metal, as classified by the collector. All claims of the plaintiffs are therefore overruled and the decision of the collector is affirmed.

Judgment will be entered accordingly.