(C.D. 2135)

F. H. Kaysing *v.* United States

United States Customs Court, Second Division

(Decided December 1, 1959)

*Tompkins & Tompkins* (*Allerton deO. Tompkins* of counsel) for the plaintiff. *George Cochran Doub*, Assistant Attorney General (*Henry J. O'Neill*, trial attorney), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: In this action, two protests have been consolidated for determination.

The merchandise to which protest 274816–K relates is described on the invoice as "Founts (Brass)" or as "Lantern Parts."

In protest 274974–K, the merchandise is described as "Filler Plug and Gauge (Brass)" or as "Lantern Parts."

In both cases, the merchandise was classified by the collector of customs as articles in chief value of base metal, and duty was imposed thereon at the rate of 22½ per centum ad valorem in paragraph 397 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 397), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802.

Plaintiff relies on the following claims:

1. That the founts should be classified as hollowware, not specially provided for, and properly dutiable at 15 per centum ad valorem in paragraph 339 of said act, as modified by the general agreement, *supra*, supplemented by the President's proclamation, 83 Treas. Dec. 166, T.D. 51909.

2. That the filler plug and gauge should be classified as other machines, not specially provided for, and properly dutiable at the rate of 13¾ per centum ad valorem in paragraph 372 of said act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T. D. 52739.

The only witness in the case, Wilbur J. Townsend, was called by the plaintiff. From his testimony, it appears that he was a design engineer with the Coleman Co., Inc., ultimate consignee of the imported merchandise. His qualifications were unchallenged and his testimony was not refuted.

It appears that the business of the Coleman Co. is the manufacture and sale of "outing products; heating and cooling equipment."

Exhibit 1 was introduced as representing the merchandise in protest 274816–K, invoiced as founts or as lantern parts, and illustrative exhibit 2 was received in evidence as a sample of exhibit 1 in a broken-down condition.

Exhibit 1 in protest 274974–K was received in evidence to illustrate the filler plug and gauge to which that protest relates. This device was described by the witness as follows:

This is a mechanical device that operates from atmospheric or air pressure, air pressure being conducted through this small opening, to the "Bourdon tube." As pressure is applied, the Bourdon tube tends to form a straight line; as pressure is decreased, it assumes its original or semi-circular shape. And the movement of this Bourdon tube toward a straight line and back to its initial or original shape, transmits that motion—that force through a link connected to the end of the Bourdon tube and to one end of the lever, causing the force or energy to be applied to the lever, moving the hand across the face of the dial.

\*　　\*　　\*　　\*　　\*　　\*　　\*

The lever magnifies the force approximately three times.

The witness explained that the expansion or contraction of the Bourdon tube is influenced directly by differences in pressure, atmospheric or otherwise. Certain mechanical devices, such as a lever and spring, are also employed in the operation of the filler plug and gauge.

It is the contention of the plaintiff that the filler plug and gauge, represented by exhibit 1 in protest 274974–K, should be classified as a machine within the meaning of said paragraph 372, *supra*.

Plaintiff's brief cites a number of judicial authorities in which various devices have been held to be properly classifiable as machines. It is noted, however, that the cases so cited related to instruments or devices which were in fact machines and employed as such.

While the filler plug and gauge may be said to possess some of the attributes of what constitutes a machine, in that it has certain movable parts such as a Bourdon tube which is activated by air pressure causing a pointer to function and indicate on the dial maximum production of illumination or a minimum consumption of fuel, nevertheless, the device is not, in any proper sense, a machine. It is nothing more or less than a part of a part which enters into an article of commerce. In other words, the filler plug and gauge becomes integrated with the fount which, together with other attachments, creates a commercial lantern. In addition to serving the purpose of a gauge, it also performs the function of plugging up a hole in the fount.

The guiding principle in the case of *Fensterer & Ruhe et al.* v. *United State*, 5 Ct. Cust. Appls. 61, T.D. 34096, referred to, *infra*, is deemed to be controlling and leads to a holding that the filler plugs and gauges are not machines within the purview of paragraph 372 of the tariff act, as claimed.

The brass founts, to which protest 274816–K relates, are claimed by plaintiff to be properly classifiable for duty as hollowware, as that term is used in said paragraph 339. It is represented by exhibit 1 in that case.

While it is true that the fount is in the nature of a bowl-shaped vessel and, when equipped with the filler plug and gauge referred to in our discussion of protest 274974–K and other attachments, is used as a container for liquids, it can not, in its condition as imported, be properly characterized as hollowware. It is simply a "part" which, after the attachment of various other articles, ultimately becomes a commercial lantern as depicted on a page of the Coleman trade catalog, and designated as illustrative exhibit B. It does not, therefore, meet the requirements of what constitutes hollowware outlined in *United States* v. *Ellis Silver Co.*, 16 Ct. Cust. Appls. 570, T.D. 43297; *Frank P. Dow Co., Inc.* v. *United States*, 21 C.C.P.A. (Customs) 282, T.D. 46816, and other cases cited by plaintiff.

A case very much in point here is *Fensterer & Ruhe et al.* v. *United States, supra*, which involved certain so-called gas burners described as lamp parts. The articles were made up of a tubelike covering of enameled sheet metal in which there were galvanized metal parts holding firmly within the covering a central brass tube, at one end of which was a device for regulating the air and gas supply to insure perfect combustion of the gas when in use, and at the other end of which there was a magnesia tip for holding the ordinary gas mantle. The article had at one end a brass connection, so that it might be connected to a gas pipe, while at the other end there were brass screws to hold a globe.

Our appellate court, in holding that the article there under consideration was not hollowware, observed that the article "before being susceptible of use must be fixed to a gas pipe" and that "it is not complete in itself and forms no utensil or implement adapted to use." Further, the court observed "It is a part of a fixed device not complete in itself and which, when completed, would not be used as an implement or utensil in the ordinary sense in which those words are employed, but would be more in the nature of a fixture or, as termed in the Government's brief, a device."

In view of the reasons above stated, we find and hold that the filler plug and gauge is not a machine within the contemplation of paragraph 372 of the tariff act, as modified, *supra*, and that the fount is not hollowware within the meaning of paragraph 339 of said act, as modified.

The protests are overruled in all respects, and judgment will be entered accordingly.