**Before the Second Division, January 26, 1960**

**No. 63738.**—Israel Creations, Inc. *v.* United States, protest 288096–K (New York).

Lawrence, Judge: The importation in controversy here, described on the invoices as "Mezuzoth 'Map,'" "Mezuzoth 'Giant,'" "Meuzuzah Small," or "Me-

zuza," was classified as articles in chief value of metal, "Other," in paragraph 397 of the Tariff Act of 1930 (19 U.S.C. § 1001, par, 397), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, concluded at Geneva, and duty was imposed thereon at the rate of 22½ per centum ad valorem.

Plaintiff claims that the merchandise should be classified as hollowware in paragraph 339 of said act (19 U.S.C. § 1001, par 339), as modified by said general agreement, supplemented by Presidential proclamation, 83 Treas. Dec. 166, T.D. 51909, and dutiable at the rate of 15 per centum ad valorem.

Paragraph 339, *supra*, so far as pertinent here, reads as follows :

* * * hollow * * * ware, not specifically provided for * * *:

•  *  *  *  *  *  *

 Not plated with platinum, gold, or silver, and not specially provided for :
  Carbonated water siphons * * * Other :
   Composed wholly or in chief value of brass _ _ _ 15% ad val.

At the trial, the case was submitted to the court upon a stipulation, together with exhibit 1, a sample representing the imported merchandise.

The pertinent text of the stipulation above referred to reads as follows :

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, subject to the approval of the Court,.

1. That each item marked A in the attached invoices has been classified as a manufacture of metal and assessed with duty at 22½% under paragraph 397, Tariff Act of 1930, as amended ;

2. That each such item consists of a piece of brass about one-eighth of an inch thick in its bottom portion and about one-quarter of an inch thick in its central and upper portion, that said central and upper portion on its under side is hollowed-out and is so constructed as to accommodate a sliding metal cover for the portion hollowed-out and that three holes are provided in the article through which nails may be inserted for the purpose of affixing the article to a doorpost or door jamb.

3. That each such item is dedicated to use as a container for a piece of parchment bearing a biblical inscription and to no other use, and

4. That each such item with its parchment enclosure is used as an entirety in certain religious practices, one of which requires that said item be affixed to a doorpost or jamb.

IT IS FURTHER STIPULATED AND AGREED that the attached item marked Exhibit A is a sample of the item here in issue and is offered in evidence by plaintiff, without objection by defendant, and that plaintiff limits its protest herein to the claim of 15% under paragraph 339 as brass hollow ware.

IT IS FURTHER STIPULATED AND AGREED that the protest herein be submitted upon this stipulation of fact.

Plaintiff invites our attention to definitions of the term "hollow ware," as judicially defined in *United States* v. *Ellis Silver Co.*, 16 Ct. Cust. Appls. 570, T.D. 43297, quoted below :

h.–ware, n. 1. Manufactured articles having a hollow interior; especially, cast-iron kitchen utensils, as pots and kettles.—Funk & Wagnalls New Standard Dictionary (1925).

Hollow-ware. Bowl- or tube-shaped ware of earthenware, wood, or metal; now especially the last.—The Oxford Dictionary (1901).

h. ware, china, silverware, etc., in the form of hollow vessels, as distinguished from flatware.—Webster's New International Dictionary (1925).

Plaintiff also cited the following definition of the word "vessel," appearing in the *Ellis Silver Co.* case, *supra* :

Vessel, n. 1. A *hollow receptacle of any form or material, but especially one capable of holding a liquid,* as a pitcher, bottle, vase, kettle, or cup.—Funk & Wagnalls New Standard Dictionary (1925).

Reference is then made by plaintiff to several later cases in which the foregoing definitions were cited with approval.

An examination of the sample fails to persuade us that it possesses the attributes of hollowware or vessels above defined. *Pacific Coast Borax Co., Division of Consolidated Borax, Inc.*, and *Perryman, Majonier Co. v. United States*, 42 Cust. Ct. 77, C.D. 2068. The evidence of its use "as an entirety in certain religious practices, one of which requires that said item be affixed to a doorpost or jamb," suggests that the item is more in the nature of a religious emblem of symbol—an article of religious devotion.

Based on the official record and an examination of exhibit 1, we are of the opinion that plaintiff has failed to overcome the presumption of correctness of the collector's decision.

The protest is overruled and judgment will issue accordingly.