(C. D. 132)

VIKING TRADING CO. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided March 20, 1939)

*Siegel & Mandell* (*Joshua M. Davidson* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation of perfume bottles composed of blown glass and having metal caps. Duty was levied thereon at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for. It is claimed that said articles are properly dutiable at the rate of 40 per centum ad valorem under paragraph 339 of said act as hollow ware of the kind therein made dutiable at that rate.

A sample of the imported bottles is in evidence as Exhibit 1. It is a metal-capped glass bottle.

At the hearing held at New York on October 10, 1938, the following transpired:

Judge DALLINGER. Do you make any claim that these are household utensils?

Mr. DAVIDSON. The claim is that it is hollow ware.

Judge DALLINGER. You limit your claim to that?

Mr. DAVIDSON. Yes, sir. I ask Government counsel now to stipulate that the merchandise covered by the protest at bar and assessed at 45 per cent ad valorem under paragraph 397 of the tariff act of 1930 as manufactures of metal and indicated on the invoice with the letter "A" and with the initials "WRS" in green ink, and represented by Exhibit 1, consists of hollow perfume bottles, composed of metal and glass, metal chief value, the hollow portion of which is glass; that they are not plated with platinum, gold, or silver; that they are not composed of iron or steel and enameled or glazed with vitreous glasses; that they are not composed wholly or in chief value of aluminum; and that they do not contain electrical heating elements as constituent parts thereof.

Mr. FITZGIBBON. That is agreed to.

Upon this record counsel for the Government in his brief filed herein quotes at considerable length from the decision in *United States* v. *Ellis Silver Co.*, 16 Ct. Cust. Appls. 570, T. D. 43297, and then argues that if the reasoning there expressed were applied to the instant bottles it would become at once apparent that said bottles are not hollow ware as contemplated by the Congress.

On the other hand, as pointed out in the brief of counsel for the plaintiff, the above-cited decision was modified in the case of *Frank P. Dow Co., Inc.* v. *United States*, 21 C. C. P. A. 282, T. D. 46816, which held the hollow ware provision to be unrestricted as to use. Hence, the single question to be here determined is whether or not said bottles are in fact hollow ware within the meaning of said paragraph 339.

In *United States* v. *F. Weber Co., Inc.*, 25 C. C. P. A. 159, T. D. 49266, after quoting from its decision in *Frank P. Dow Co., Inc.* v. *United States, supra,* the appellate court said:

However, the opinion in the case of *Frank P. Dow Co., Inc.* v. *United States, supra,* in no way modified the holding in the case of *United States* v. *Ellis Silver*

*Co.*, *supra*, with respect to the common meaning of the term "hollow ware," and that to be classifiable as such under paragraph 339 of the Tariff Act of 1922 only such articles "as are in the form, generally, of vessels" may be considered to be hollow ware.

In *United States* v. *Ellis Silver Co.*, *supra*, we quoted the definition of the word "vessel" found in Funk & Wagnalls Standard Dictionary (1925) as follows:

VESSEL, n. 1.  A hollow receptacle of any form or material, but especially one capable of holding a liquid, as a pitcher, *bottle*, vase, kettle, or cup.   [Italics ours.]

We must therefore conclude that it has been judicially determined that only such articles as are in the form, generally, of vessels may be classified as hollow ware, and a bottle is named as within that category.

Therefore we are of the opinion that this latest decision of the appellate court is here controlling, since the present bottles obviously respond to the above definition of what constitutes hollow ware as judicially enunciated.   Consequently, on the agreed facts, we hold the present perfume bottles to be properly dutiable at the rate of 40 per centum ad valorem under paragraph 339 of the Tariff Act of 1930 as hollow ware of the kind therein made dutiable at that rate, as alleged by the plaintiff.   That claim is therefore sustained; but as to all other merchandise the claims are overruled.   Judgment will be rendered accordingly.