(C. D. 804)

ELITE IMPORT CO., INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided September 15, 1943)

Siegel & Mandell (*Sidney Mandell* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*John J. McDermott*, special attorney), for the defendant.

Before OLIVER, WALKER, and COLE, Judges

OLIVER, Presiding Judge: The articles before the court are invoiced as "Glass reflectors" and are described by plaintiff's president

as "a double wall reflector, silvered on the inside and sealed at the neck." They were assessed for duty under paragraph 218 (c) of the Tariff Act of 1930, as amended by the trade agreement with Czechoslovakia, T. D. 49458, under the provision for "globes and shades" at 45 per centum ad valorem. They are claimed properly dutiable at only 30 per centum ad valorem under the provision in the same paragraph (218 (c)) for:

Illuminating articles of every description, finished or unfinished, wholly or in chief value of glass, for use in connection with artificial illumination: * * *.

as modified by aforesaid trade agreement. The issue before us is whether these glass reflectors are dutiable as "globes and shades" or as "Illuminating articles * * * for use in connection with artificial illumination."

The description from the record set forth above might be amplified by stating that the article in form is like a bell-shaped shade, measuring approximately 7″ in diameter across the base, about 4″ in height, and about 2⅛″ in diameter across the top or neck. It is composed of glass and is constructed with a double wall, sealed at the neck somewhat like a vacuum bottle. The entire reflector, both outside and inside, is indented with lines arranged in a waffle pattern. It is said to be so designed on the inside to concentrate or intensify the light of an incandescent lamp when placed within the article. Because of this design the light rays may be directed or concentrated upon a certain space or upon particular merchandise. In the process of manufacturing these reflectors, after the glass blank is shaped, a silver solution is introduced between the two thin transparent walls, causing the article to not only become opaque but to take on a bright silvered appearance. The object of the silver on the inside surface seems to be to enhance its reflecting and light concentrating features. The benefit, if any, to be derived from the silvered effect on the outside surface other than appearance, is not made clear. The reflector is designed to be used in connection with others of the same type in the ceilings of store windows to light merchandise displayed therein.

The first witness for the plaintiff was the president of plaintiff corporation. His testimony was to the effect that the articles herein were mirror reflectors, bought and sold as reflectors and never as shades, and that the purpose of a reflector was not only to concentrate or intensify the light from the bulb but to direct the light in a certain direction or over a certain area. He claimed no commercial meaning other than the common meaning for the word "shade" and agreed with the dictionary definition of a shade as:

A shield or covering placed about or over the lamp to confine, modify, or deflect the light; a lamp shade.

He did state that he never knew of a shade to "reflect" light. He testified that the imported article (exhibit 1) was never used as a

shade. The witness stated that if the light came through an article it was a shade. If it did not, it was a reflector. He stated that the test between the two was that a shade allows the light to come through and a reflector does not, and that a reflector increases the intensity of the light, whereas a shade reduces the intensity.

Plaintiff's second witness was a Mr. Bieber, an importer of considerable experience with lighting fixtures. He stated that:

The main function of a shade is to shade the light and kill the glare and cause no strain on the eye.

He further testified that shades are not used for window display purposes. The court asked this witness:

If it is opaque it still throws the light, and there is no light to hit the eye. It is still a shade?

He answered: "Yes, sir." Of a shade he said:

A shade has no other function except to dim the light somewhat, to kill the glare and take the strain off the eyes.

Defendant's witness, Mr. Litner, sales manger of a domestic manufacturer of reflectors, stated that the purpose of the imported article (exhibit 1) was to:

* * * intercept the light and throw it in one direction, and hold it in a certain direction. '

He explained further (R. 44):

* * *. In our industry reflectors are lampshades. Years ago everybody used to call a reflector a shade. Today the only thing we do call a shade is a tin cone shade.

He referred to the imported article as a reflector. On cross-examination he stated that a reflector, in addition to shading the light, controlled the direction of the light. Later he said there was no distinction. "Some call them shades and some call them reflectors." (R. 46/47) He added (R. 47):

If you ask me why a shade is a shade and why is a reflector a reflector there is no answer.

Defendant's witness, Mr. Libson, was secretary of the Sunlight Reflector Co. He testified that the function of the imported merchandise was to "control light" the same as a shade. He called the imported article a "reflector," but speaking of illustrative exhibit A, an angle reflector, he said (R. 55):

In the trade they are known as reflectors, but they are really shades.

And again (R. 61):

We call anything that reflects light a reflector.

Again on cross-examination this witness said (R. 64):

X Q. But a metal article lined with silver or lined with Alzac, you mentioned, would be definitely a reflector?

A. That is right.

X Q. And the same article without the lining would definitely not be a reflector; at most a very inefficient one; is that right?

A. That is so.

And again (R. 65):

X Q. You would only call a reflector an article silver lined or especially treated to intensify the light?

A. Yes, sir.

And further (R. 69), referring to the imported articles (exhibit 1):

X Q. That article is more than a shade, isn't it?

A. It is more than a shade.

Defendant's witness, Mr. Driscoll, was office manager for the Pittsburgh Reflector Co., manufacturers of silver glass reflectors. On cross-examination he stated that in their catalog articles like exhibit 1 are called "reflectors." They do not use the word "shade" in the industry. He stated (R. 75):

After all, the evolution of a reflector first came from a shade.

And again (R. 76):

X Q. Anything that intercepts light in any degree is a shade?

A. * * *. I would think so.

And further (R. 77):

A. That is our main line, silver mirror glass reflectors.

Upon the record before us it is fairly established that the imported article (exhibit 1) is a silvered glass reflector designed and made for the specific purpose of intensifying the light of an incandescent electric-light bulb and of concentrating and directing such light to a desired area or upon a certain space or object. The preponderance of the evidence also shows these articles are bought and sold as "reflectors." However, there is no eo nomine provision in the tariff act for "reflectors."

Inasmuch as the testimony shows that the reflectors are especially adapted to and chiefly used for window lighting from the ceiling, it is therefore reasonable to assume that the shade effect is incidental to and necessarily results from the shape of the reflector. The shape of an article is not controlling. We are further of the opinion that the shape of the shade has been designed to concentrate the light and not to shade the eyes. There is nothing in the record to indicate that this article (exhibit 1) is ever used as a shade, that is to say, that it is ever used to shade the eyes from the glare of the lamp bulb. Its very utilization above the level of the eye precludes such use.

The record seems to fairly establish further that a reflector is designed for a special use and advanced beyond the ordinary meaning of the word "shade." It is unquestionably more than a shade. The

imported article has a new use and a new name. It is bought and sold as a reflector and never as a shade. It is a glass article used in connection with artificial illumination. Because it is shaped like a shade, fits around a light, and can function as a shade does not, in our opinion, make it a shade for tariff purposes. We are equally of opinion that it was especially designed for and is chiefly used for a purpose different from that of a shade. It is interesting to note that the Encyclopaedia Britannica, Volume 14, at page 111, discusses reflectors and spotlights. This article reads, in part:

> Modern standard reflectors as shown in Plate III, illustrate the light areas produced in various types. These reflectors can be introduced with proper ventilation into comparatively small areas, making it possible to project light in almost any way. *Spotlights* can be obtained which will illuminate as desired a given area; *flood-lights* are designed to throw a practically flat or even value of light over a broad area; other reflectors, such as those often used for shop windows, combine the two functions and throw a broad area of flood-light, as well as a concentrated area.

The "Plate III" referred to above, facing page 110, illustrates several types of reflectors, all apparently opaque, all enclosing the bulb and if at eye level, all having a shading effect, but all obviously especially designed as reflectors to control light distribution and not designed for shade purposes.

On the record before us we find the imported articles to be more than shades and to be "Illuminating articles * * * wholly or in chief value of glass, for use in connection with artificial illumination." They are therefore properly dutiable at 30 per centum ad valorem under paragraph 218 (c) of the Tariff Act of 1930, as modified by the trade agreement with Czechoslovakia, T. D. 49458, as claimed, and the protest herein is sustained to that extent. In all other respects it is overruled.

Judgment will be rendered accordingly.