BEFORE THE FIRST DIVISION, NOVEMBER 10, 1943

**No. 48950.**—Protest 50954–K of Weymouth & Young (Seattle).

Opinion by OLIVER, P. J. It was stipulated by counsel that the glass bottles in question upon arrival from the Philippine Islands contained more than 1 pint of distilled spirits (gin) and were of the character ordinarily employed for the holding or transportation of such merchandise. In accordance therewith the protest was sustained.

**No. 48951.**—Protest 950555–G of Elite Import Co., Inc. (New York).

Opinion by OLIVER, P. J. It was stipulated that certain of the reflectors in question are correctly represented by exhibit 1 in *Elite Import Co., Inc.* v. *United States* (11 Cust. Ct. 104, C. D. 804), Protest 12985–K, which case was incorporated herein. In accordance therewith the claim at 60 percent under paragraph 218 (c) was sustained, the merchandise in question not coming within the provisions of the trade agreement with Czechoslovakia (T. D. 49458).

**No. 48952.**—Protests 98472–K, etc., of Ednal Co., Inc. (New York).

Opinion by OLIVER, P. J. It was stipulated that the merchandise in question consists of lens blanks of glass, molded or pressed, the same in all material respects as those the subject of Abstract 48016. In accordance therewith the claim at 40 percent under paragraph 226 was sustained.

**No. 48953.**—Protests 871480–G, etc., of W. Doshim (Boston).

Opinion by COLE, J. The merchandise was classified and claimed dutiable at the same rates and under the same paragraphs as similar merchandise covered by the decision in *Quong Yuen Shing Co.* v. *United States* (31 C. C. P. A. 43, C. A. D. 247). In accordance with stipulation of counsel and on the authority of said cited case the merchandise at bar was found to contain salt, and was therefore excluded from paragraph 5. The protests were sustained.