BEFORE THE FIRST DIVISION, OCTOBER 16, 1944

**No. 49757.**—Petitions 6274–R, etc., of New York Merchandise Co., Inc. (Los Angeles).

Opinion by COLE, J. These cases were the subject of appeals to reappraisement (Reap. Dec. 5551 and 5789), the court sustaining in both cases the higher value found by the appraiser, and it is the additional duties accruing from such findings that are sought herein on motion of petitioner. From the testimony presented at the trial it was found, in view of *United States* v. *American Metal Co., Ltd.* (12 Ct. Cust. Appls. 440, T. D. 40612) and *United States* v. *Macy & Co.* (13 id. 245, T. D. 41199), that the petitioner has met its statutory burden. The case cited (*Ringling Bros., Barnum & Bailey Combined Shows, Inc.* v. *United States*, 31. C. C. P. A. 191, C. A. D. 272) by the respondent was found to present an entirely different factual basis from that adduced herein and therefore is not applicable to the cases involved here. The petitions were therefore granted.

BEFORE THE FIRST DIVISION, OCTOBER 18, 1944

**No. 49758.**—Protests 29495–K, etc., of Elite Import Co., Inc. (New York).

Opinion by OLIVER, P. J. At the trial the Government examiner, the only witness, testified that certain of the articles in question consist of illuminating glassware and are reflectors in chief value of glass used for artificial illumination, and that they are similar to those the subject of *Elite Import Co., Inc.* v. *United States* (11 Cust. Ct. 104, C. D. 804). The record in question was incorporated herein. In that case certain glass reflectors were held properly dutiable at 30 percent under paragraph 218 (c) as modified by said trade agreement. However, in the case at bar the claim is limited to 40 percent ad valorem. On the record the court held the items in question dutiable as claimed.

**No. 49759.**—Protests 18403–K, etc., of Helen M. Majo et al. (Duluth, etc.).

Opinion by COLE, J. An examination of the official records disclosed nothing to warrant disturbing the decision of the collector which was held presumptively correct. The protests were therefore overruled.

**No. 49760.**—Protests 26005–K, etc., of Chr. Bjelland & Co., Inc., et al. (New York).

Opinion by COLE, J. An examination of the official records disclosed nothing to warrant disturbing the decision of the collector which was held presumptively correct. The protests were therefore overruled.