(C.D. 3859)

MAX HABER, IMPORTER v. UNITED STATES

United States Customs Court, Third Division

(Decided June 26, 1969)

*Stein & Shostak* (*S. Richard Shostak* and *Arthur E. Schwimmer* of counsel) for the plaintiff.

*William D. Ruckelshaus*, Assistant Attorney General (*Brian S. Goldstein*, trial attorney), for the defendant.

Before RICHARDSON and LANDIS, Judges

LANDIS, Judge: Plaintiff here protests the classification and rate of duty assessed on a miscellany of illuminating articles used in connection with artificial illumination, imported from Sweden. Duty was assessed under TSUS item 545.53. Plaintiff's brief relies on the protest claim that duty should be paid at the rate specified for TSUS item 545.67. We do not reach additional protest claims not relied on or pressed by plaintiff. *D. N. & E. Walter Co., et al.* v. *United States*, 44 CCPA 144, 146, C.A.D. 652 (1957).

TSUS item Nos. 545.53 and 545.67 are provided for in schedule 5, part 3, subpart C, designated "Glassware and Other Glass Products", as follows:

> Illuminating articles for use in the household or elsewhere in connection with artificial illumination (except candle illumination) in such manner as to pass, reflect, refract, disperse, color, or otherwise affect the light for practical or ornamental purposes; articles which reflect or color artificial light directed on them for use as, or in connection with, signs or signals; and parts of any of the foregoing articles; any of the foregoing of glass, and not optically worked:

| | | |
|---|---|---|
| 545.53 | Globes and shades_____ | 28% ad val. |
| | * * * * * * * | |
| 545.67 | Other _____ | 24% ad val. |

As classified and claimed, the imported merchandise concededly consists of illuminating articles used in connection with artificial illumination to either pass, reflect, refract, disperse, color, or otherwise affect light for practical or ornamental purposes. The only question is whether the illuminating articles are more particularly globes and shades, as classified, or something other than globes and shades, as claimed. Customs is presumed to have found every fact necessary to support the classification as globes and shades. *F. H. Kaysing* v. *United States*, 49 CCPA 69, C.A.D. 798 (1962). We overrule the protest for the reason that plaintiff has failed to overcome that presumption. *McKesson & Robbins, Inc.* v. *United States*, 27 CCPA 157, C.A.D. 77 (1939).

The official papers are in evidence, as are samples representative of the imported articles (exhibits 2, 3, and 5); trade catalogues on illuminating articles (exhibits 1, 4, 6–A, 6–B, 8, A, and B), and a photograph (exhibit 7). On trial, four witnesses testified for plaintiff and one for defendant.

The sum of what we liberally consider to be the relevant testimony is that most glass articles for use with artificial illumination are sold as illuminating glassware; that it is rare that an article is any longer called a globe or shade in the trade; that the imported articles are not sold as globes or shades but as illuminating or decorative glassware;

that exhibit 2 is called a "bubble ball" or "melon ball", exhibit 3 a "riffled cylinder" and exhibit 5 is colored "amber optic"; that a shade directs light up or down and shades the light, and that globes are round, inexpensive, non-decorative glass balls used to enclose a light bulb.

Plaintiff does not profess to have proved a commercial designation for the tariff term "globes and shades". It follows that for tariff purposes the commercial meaning is the same as the common meaning of those terms. *Nylos Trading Company* v. *United States*, 37 CCPA 71, C.A.D. 422 (1949). The word "shade" in common understanding means a "shield or covering placed about or over the lamp to confine, modify, or deflect the light; a lamp shade." *Elite Import Co., Inc.* v. *United States*, 11 Cust. Ct. 104, C.D. 804 (1943). Globes and shades are manifestly generic terms and the mere fact that the imported articles are not known in the trade and commerce by the precise tariff terms cannot affect their classification. *Rosen, Lowy & Lipschutz* v. *United States*, 21 CCPA 121, T.D. 46448 (1933) ; *United States* v. *Ellis Silver Co.*, 16 Ct. Cust. Appls. 570, T.D. 43297 (1929). Reference terms used in trade catalogues, which are not uniformly accepted terms, do not prove that the articles are not globes and shades. *United States* v. *Sheep Shearers Mdse. & Comm. Co.*, 23 CCPA 146, T.D. 48009 (1935). We judicially notice there are many kinds of illuminating glassware articles called and sold under other names which are generically globes and shades. *United States* v. *Fung Chong Co.*, 34 CCPA 40, 43, C.A.D. 342 (1946).

Such of the testimony as explains how and the kind of fixtures with which the imported illuminating articles are used in connection with artificial illumination does not establish that they are used any differently from what globes and shares are ordinarily used for in common understanding. See, *United States* v. *General Display Case Co., Inc.*, 21 CCPA 542, T.D. 46976 (1934) ; *Elite Import Co., Inc.* v. *United States, supra; Lightolier Co.* v. *United States*, 1 Cust. Ct. 134, C.D. 36 (1938). The samples, in our opinion, do not negate the presumption that the imported articles are one or the other, namely, globes or shades.

The protest is overruled. Judgment will be entered accordingly.